```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**BRANCH BANKING & TRUST COMPANY,**

      **Plaintiff,**

**v.**                  **//   CIVIL ACTION NO. 1:14CV188**
                                                   **(Judge Keeley)**

**EUTS, LLC, T AND T CONSTRUCTION
AND LOG HOMES, LLC, CHARLES T.
JOHNSON, II, and SAMANTHA L. JOHNSON,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING
<u>PRO SE</u> DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF
PERSONAL JURISDICTION [DKT. NOS. 13, 14, 25, 27, 32],
DENYING <u>PRO SE</u> DEFENDANTS' REQUEST FOR POSTPONEMENT AND
CONTINUANCE [DKT. NO. 37], AND DENYING AS MOOT
PLAINTIFF'S MOTION TO STRIKE [DKT. NO. 30]**

_____

Pending before the Court are several motions to dismiss based on lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2), filed by the <u>pro se</u> defendants, Charles T. Johnson, II ("Mr. Johnson"), and his wife, Samantha L. Johnson ("Mrs. Johnson") (collectively, the "Johnsons"). Also pending is the Johnsons' "Request for a Postponement and Continuance [sic] by the Court," as well as the motion to strike Mrs. Johnson's most recent motion to dismiss as redundant, filed by the plaintiff, Branch Banking and Trust Company ("BB&T"). For the following reasons, the Court **DENIES** all the motions.

**BRANCH BANKING & TRUST COMPANY v. EUTS, LLC, ET AL.     1:14CV188**

**MEMORANDUM OPINION AND ORDER DENYING <u>PRO SE</u> DEFENDANTS'
MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION,
DENYING <u>PRO SE</u> DEFENDANTS' REQUEST FOR POSTPONEMENT AND
CONTINUANCE, AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE**

**I.**

The Johnsons are the sole members of a West Virginia limited liability company called EUTS, LLC ("EUTS"), which is organized under the laws of West Virginia and has offices in Albright, West Virginia. (Dkt. No. 26-1). Mr. Johnson is also the sole member of T and T Construction and Log Homes, LLC ("T&T"), which likewise is organized under the laws of West Virginia. Its offices, however, are located in Rising Sun, Maryland. (Dkt. No. 31-1).

On November 17, 2008, EUTS executed a promissory note in the amount of $395,000 for the benefit of BB&T, containing a maturity date of November 17, 2013. As collateral, BB&T took a security interest in the Johnsons' real property located in Preston County, West Virginia. The note was also guaranteed by T&T, Mr. Johnson, and Mrs. Johnson.

On November 13, 2014, BB&T filed a complaint in this Court, alleging that EUTS had defaulted on the note by failing to pay the remaining principal balance and interest due thereunder, which allegedly totaled $399,917.38, as of October 14, 2014. The complaint asserts a claim for breach of contract against each of

**BRANCH BANKING & TRUST COMPANY v. EUTS, LLC, ET AL.    1:14CV188**

**MEMORANDUM OPINION AND ORDER DENYING PRO SE DEFENDANTS'
MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION,
DENYING PRO SE DEFENDANTS' REQUEST FOR POSTPONEMENT AND
CONTINUANCE, AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE**

the defendants. BB&T seeks (1) an injunction[1] granting it access to the Preston County property; (2) an award of the balance owed under the terms of the note, the deed of trust, and the guaranty agreements; and (3) the costs and expenses it has incurred in this action.

On November 25, 2014, Mrs. Johnson personally accepted service of process for herself and her husband in Albright, West Virginia. (Dkt. Nos. 4, 5). Nevertheless, the Johnsons have filed numerous motions disputing this Court's personal jurisdiction over them on the basis that they are Maryland residents.

**II.**

"When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citation omitted). To prove that the Court may assert personal jurisdiction over the Johnsons, BB&T must

---

[1] Although the complaint mentions a preliminary injunction, BB&T has not filed a motion for a preliminary injunction in accordance with Fed. R. Civ. P. 65, or otherwise pursued such relief.

**BRANCH BANKING & TRUST COMPANY v. EUTS, LLC, ET AL.    1:14CV188**

**MEMORANDUM OPINION AND ORDER DENYING PRO SE DEFENDANTS'
MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION,
DENYING PRO SE DEFENDANTS' REQUEST FOR POSTPONEMENT AND
CONTINUANCE, AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE**

establish: (1) that West Virginia's long-arm statute authorizes personal jurisdiction over the Johnsons; and (2) that application of the long-arm statute comports with constitutional standards of due process. Young v. F.D.I.C., 103 F.3d 1180, 1191 (4th Cir. 1997).

Because West Virginia's long-arm statute is "coextensive with the full reach of due process," Pittsburgh Terminal Corp. v. Mid Allegheny Corp., 831 F.2d 522, 525 (4th Cir. 1987) (internal quotation marks and citation omitted), "the statutory inquiry necessarily merges with the Constitutional inquiry." In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997). The relevant inquiry considers the following factors: "(1) the extent to which the defendant purposely availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Unspam Techs., Inc. v. Chernuk, 716 F.3d 322, 328 (4th Cir. 2013). See J. McIntyre Mach., Ltd. v. Nicastro, __ U.S. __, __, 131 S. Ct. 2780, 2789 (2011) ("The question is whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign,

4

**BRANCH BANKING & TRUST COMPANY v. EUTS, LLC, ET AL.   1:14CV188**

**MEMORANDUM OPINION AND ORDER DENYING <u>PRO SE</u> DEFENDANTS'
MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION,
DENYING <u>PRO SE</u> DEFENDANTS' REQUEST FOR POSTPONEMENT AND
CONTINUANCE, AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE**

so that the sovereign has the power to subject the defendant to judgment concerning that conduct.").

Here, the Johnsons purposefully availed themselves of the privilege of conducting activities in West Virginia by forming their company, EUTS, under the laws of this State,[2] and by personally guaranteeing the loan obligation of EUTS. Moreover, the breach of contract claim at issue arises directly from the November 2008 authorization and signing of a promissory note by the Johnsons on behalf of EUTS, as well as personal guaranties signed by the Johnsons.

Based on these facts, it is constitutionally reasonable for the Court to exercise personal jurisdiction over the Johnsons. "The burden on the defendant[s], interests of the forum state, and the plaintiff's interest in obtaining relief guide our inquiry." <u>Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.</u>, 682 F.3d 292, 303 (4th Cir. 2012). <u>See</u> <u>Walden v. Fiore</u>, __ U.S. __, __, 134 S. Ct. 1115, 1121 (2014) ("The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant

---

[2] Indeed, Mr. Johnson also formed T&T under the laws of this State.

5

**BRANCH BANKING & TRUST COMPANY v. EUTS, LLC, ET AL.    1:14CV188**

**MEMORANDUM OPINION AND ORDER DENYING PRO SE DEFENDANTS'
MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION,
DENYING PRO SE DEFENDANTS' REQUEST FOR POSTPONEMENT AND
CONTINUANCE, AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE**

focuses on the relationship among the defendant, the forum, and the litigation.") (internal quotation marks and citation omitted).

That the Johnsons accepted service of process while physically present in West Virginia and set up companies in this State demonstrates that no burden on them exists with regard to having to litigate the claim in this district. Moreover, West Virginia has a strong interest in resolving this dispute, which involves real property located in Preston County, as well as two West Virginia companies. In addition, BB&T has a substantial interest in obtaining compensation for an allegedly bad debt that approaches $400,000. For these reasons, the Court **FINDS** that it may exercise personal jurisdiction over the Johnsons.

### III.

By Order dated March 31, 2015 (dkt. no. 33), the Court set a scheduling conference in this matter for April 27, 2015. On April 9, 2015, however, the Johnsons filed a request to postpone and continue the scheduling conference because their "dependent children are extremely ill." (Dkt. No. 38). BB&T represents that it "has no objection to a brief continuance," but recognizes that the Johnsons "have previously demonstrated a pattern and practice of avoidance." (Dkt. No. 38) (emphasis in original).

6

**BRANCH BANKING & TRUST COMPANY v. EUTS, LLC, ET AL.        1:14CV188**
**MEMORANDUM OPINION AND ORDER DENYING <u>PRO SE</u> DEFENDANTS'
MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION,
DENYING <u>PRO SE</u> DEFENDANTS' REQUEST FOR POSTPONEMENT AND
CONTINUANCE, AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE**

The Court recognizes the Johnsons' burden of caring for their children. Nevertheless, lacking further information, it fails to perceive how their participation by telephone[3] in a brief scheduling conference two weeks from now will increase that burden. Therefore, based on the record before it, the Court **CONCLUDES** that it is appropriate to move this case forward in an expeditious manner, and that a postponement of the scheduling conference is not necessary.

**IV.**

In conclusion, for the reasons stated, the Court **DENIES** the Johnsons' motions to dismiss for lack of personal jurisdiction, and **DENIES** their request for postponement and continuance. The Court also **DENIES AS MOOT** BB&T's motion to strike Mrs. Johnson's most recent motion to dismiss.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and to the <u>pro se</u> defendants, certified mail, return receipt requested.

DATED: April 14, 2015.

---

[3] The Court's First Order explains that the scheduling conference may be conducted by telephone. (Dkt. No. 33 at 3).

BRANCH BANKING & TRUST COMPANY v. EUTS, LLC, ET AL.    1:14CV188

**MEMORANDUM OPINION AND ORDER DENYING <u>PRO SE</u> DEFENDANTS'
MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION,
DENYING <u>PRO SE</u> DEFENDANTS' REQUEST FOR POSTPONEMENT AND
CONTINUANCE, AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE**

<pre>                                      <u>/s/ Irene M. Keeley        </u>
                                      IRENE M. KEELEY
                                      UNITED STATES DISTRICT JUDGE</pre>